THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STEPHEN SEYMOUR; and JEANNE SEYMOUR,<br><br>    Plaintiffs,<br><br>v.<br><br>JAMES D. PERKINS, et al.,<br><br>    Defendants. | **FIRST AMENDED SCHEDULING ORDER**<br><br>Case No. 4:21-cv-00047-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Based on the parties' Stipulated Motion to Amend Scheduling Order (the "Motion")[1] and for good cause appearing, the court hereby GRANTS the Motion.

IT IS HEREBY ORDERED that the pending deadlines in the Scheduling Order[2] are modified as follows and all other deadlines shall remain unchanged.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| 1. | | **PRELIMINARY MATTERS** | **DATE** |
|---|---|---|---|
| | a. | Date the Rule 26(f)(1) Conference was held? | 06/21/21 |
| | b. | Have the parties submitted the Attorney Planning Meeting Form? | 06/22/21 |
| | c. | Deadline for 26(a)(1) initial disclosure? | 07/13/21 |
| | d. | Deadline for filing a deposition plan including the names of deponents (or role, if name is unknown) and the place and date of deposition: | 08/10/21 |
| 2. | | **DISCOVERY LIMITATIONS** | **NUMBER** |
| | a. | Maximum Number of Depositions by Plaintiff: | 10 |

---

[1] Docket no. 22, filed Nov. 4, 2021.

[2] Docket no. 13, filed Jul. 8, 2021.

| | | |
|---|---|---|
| b. | Maximum Number of Depositions by Defendant: | 10 |
| c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties): | 7 |
| d. | Maximum Interrogatories by any Party to any Party: | 25 |
| e. | Maximum requests for admissions by any Party to any Party: | 25 |
| f. | Maximum requests for production by any Party to any Party: | 25 |

g. Other Discovery Methods: Each side may use any other method of discovery as allowed by federal and local rules.

h. The Parties shall handle discovery of electronically stored information as follows:

*Discovery may be served and/or answered by electronic means so long as documents are legible and in an electronic form readily accessible to the recipient. Should the parties receive electronically stored data or information that is illegible or in a format not accessible by them, they shall promptly notify the producing party that the information is not legible or accessible by them and the parties shall work together in good faith to promptly resolve the matter. Should discovery show that further electronic discovery protocols may become necessary, the parties agree to work together in good faith to agree to protocols and costs.*

i. The parties shall handle a claim of privilege or protection as trial preparation material asserted after production, as follows:

*The parties agree to the Court's Standard Protective Order. Furthermore, the parties agree to work together to request a joint order regarding the disclosure of documents protected by the Utah Governmental Records Access and Management Act, should one become necessary.*

*Should inadvertent disclosure of privileged, protected, or work product material occur, the party which made the inadvertent disclosure shall notify the other party in writing. Within 10 days of notification, the other party shall confirm, in writing, that it has destroyed all copies of the documents to which the claim of privilege or other protection has been made or shall file with the Court a motion seeking a determination, in camera, of the validity of the claim of privilege. The parties reserve the right to agree to post-production privilege or protection review if a requesting party first identifies relevant documents from an electronic dataset.*

| | | |
|---|---|---|
| j. | Last day to serve written discovery: | 11/01/21 |

|  |  |  |  |
|---|---|---|---|
|  | k. | Close of fact discovery: | 03/01/22 |

| 3. |  | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[3] | **DATE** |
|---|---|---|---|
|  | a. | Last day to file Motion to Amend Pleadings: | 10/08/21 |
|  | b. | Last day to file Motion to Add Parties: | 10/08/21 |

| 4. |  | **RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** | **DATE** |
|---|---|---|---|

**Disclosures (subject and identity of experts)**

|  |  |  |  |
|---|---|---|---|
|  | a. | Parties bearing burden of proof: | 04/01/22 |
|  | b. | Counter disclosures: | 05/02/22 |

**Reports**

|  |  |  |  |
|---|---|---|---|
|  | c. | Parties bearing burden of proof: | 04/01/22 |
|  | d. | Counter reports: | 05/02/22 |

| 5. |  | **OTHER DEADLINES** | **DATE** |
|---|---|---|---|
|  | a. | Last day for Expert discovery: | 06/01/22 |
|  | b. | Deadline for filing dispositive or potentially dispositive motions: | 07/01/22 |
|  | c. | Deadline for filing partial or complete motions to exclude expert testimony: | 07/01/22 |

| 6. |  | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | **DATE** |
|---|---|---|---|
|  | a. | Likely to request referral to a magistrate judge for settlement conference: | No |
|  | b. | Likely to request referral to court-annexed arbitration: | No |
|  | c. | Likely to request referral to court-annexed mediation: | No |

---

[3] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

|   |   |   |   |   |
|---|---|---|---|---|
| d. | The parties will complete private mediation/arbitration by: | | | N/A |
| e. | Evaluate case for Settlement/ADR by: | | | |
| f. | Settlement probability: | | | Fair |

7. **TRIAL AND PREPARATION FOR TRIAL**[4]    **TIME**    **DATE**

| | | | | |
|---|---|---|---|---|
| a. | Rule 26(a)(3) Pretrial Disclosures:[5] | | | |
| | Plaintiff | | | 10/14/22 |
| | Defendant | | | 10/28/22 |
| b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | | |
| c. | Special Attorney Conference[6] on or before: | | | 11/11/22 |
| d. | Settlement Conference[7] on or before: | | | 11/25/22 |
| e. | Final Pretrial Conference: | | 11:00 a.m. | 12/06/22 |
| f. | Trial | <u>Length</u> | | |
| | i. Jury Trial | 7 days | 8:30 a.m. | 12/20/22 |

---

[4] Judge Nuffer requires 5 months between the dispositive motions deadline and trial.

[5] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

[6] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. The parties should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pre-trial order should include any special equipment or courtroom arrangement requirements.

[7] The Settlement Conference does not involve the Court unless the Court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

**8.      OTHER MATTERS**

Parties should fully brief all Motions in Limine well in advance of the pretrial conference.

Signed November 5, 2021.

BY THE COURT:

_____
Paul Kohler
United States Magistrate Judge
